IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI, § § § § § | | |
| Movants, § § | | |
| v. § § | *Ancillary to* CIVIL ACTION NO. | |
| KIM SAMS, § § § § | 4:18-CV-00442-ALM | |
| Respondent. § | | |

MOTION TO COMPEL KIM SAMS TO COMPLY WITH
FED. R. CIV. P. 45 SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Movants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook and Pallavi Gogoi (collectively, "NPR"), by their undersigned counsel, file this Motion and the accompanying Declaration of Wesley D. Lewis ("Lewis Decl.")[1] to compel Kim Sams ("Sams") to comply with a properly served subpoena issued pursuant to Rule 45.

I.
FACTUAL BACKGROUND

Ed Butowsky ("Butowsky") filed suit against NPR and several of its employees in the Eastern District of Texas, asserting claims for defamation, business disparagement, and civil conspiracy. *See Butowsky v. Folkenflik, et al.*, No. 4:18-CV-00442-ALM (E.D. Tex.), Second Am. Compl., Dkt. 72. For several months, NPR has sought to obtain discovery from Butowsky

---

[1] The Declaration of Wesley D. Lewis is attached hereto as Exhibit 1.

regarding damages he allegedly sustained to his personal and professional reputation and to Chapwood Capital Investment, LLC, his wealth management business. NPR's attempts to engage Butowsky in reasonable discovery to prepare its defense have been met with delay tactics and outright obstruction. To date, Butowsky has repeatedly promised but failed to produce evidence in support of his financial damages claims. NPR's third-party subpoenas issued to Chapwood and its managing partner Kim Sams pursuant to Rule 45 of the Federal Rules of Civil Procedure have been met with silence.

As stated in Butowsky's Second Amended Complaint, Butowsky founded Chapwood, a "private wealth management advisory firm," in 2005. *Butowsky v. Folkenflik, et al.*, No. 4:18-CV-00442-ALM (E.D. Tex.), Second Am. Compl., Dkt. 72 ¶ 9. Chapwood provides "comprehensive financial counseling and investment advice to wealthy families and individuals." *Id.* Butowsky alleges that NPR's publication of certain news articles caused "the termination and loss of Chapwood's Investment Manager Service Agreement with Charles Schwab," as well as additional "loss of clients." *Id.* ¶ 11. In turn, these alleged losses purportedly resulted in damages to Butowsky, which he seeks to recover in his lawsuit against NPR in the Eastern District of Texas.

As managing partner of Chapwood, Sams has knowledge of Chapwood's Investment Manager Service Agreement with Charles Schwab and its list of clients. Sams has personal knowledge of one such client, Sally Davis, who allegedly stopped using Butowsky's financial services due to NPR's news articles. Furthermore, on information and belief, Sams is the custodian of documents and records pertaining to Chapwood's service agreements and client list.

On November 21, 2019, NPR issued a subpoena to Sams pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Subpoena"), seeking documents related to the damages allegedly suffered by Chapwood, as well as other documents related to any lawsuit filed by Butowsky.

Lewis Decl. at ¶ 2; Ex. 1-A. A process server effected service of the Subpoena in person on November 22, 2019 at Chapwood's offices located at 4965 Preston Park Blvd., Suite 100, Plano, Texas 75093 in Collin County. Lewis Decl. ¶ 3; Ex. 1-B. According to the terms of the Subpoena, Sams was required to produce documents at the Dallas, Texas offices of Haynes and Boone, LLP by December 12, 2019 at 12:00 p.m. *Id.* ¶ 4; Ex. 1-A. Sams failed to respond to the Subpoena. Sams' failure to produce documents pursuant to the Subpoena has prevented NPR from adequately preparing its defense against Butowsky's claims.

## II.
## ARGUMENT

**A.     The Subpoena is Proper and Seeks Relevant Information.**

Under Fed. R. Civ. P. 45, a party may serve a subpoena duces tecum commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in [the nonparty's] possession, custody, or control . . . ." FED. R. CIV. P. 45(a)(1)(A)(iii). The Subpoena at issue here was properly served on Sams on November 22, 2019. Rule 45(b)(2) allows a party to serve a subpoena "at any place within the United States." As shown by the Proof of Service attached to the Lewis Declaration, NPR served the Subpoena on Sams at Chapwood's offices in Plano, Texas, which is clearly within the United States. *See* Lewis Decl. ¶ 2; Ex. B.

Furthermore, under Rule 45, "[a]t any time, on notice to the [subpoenaed nonparty], the serving party may move the court for the district where compliance is required for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2)(b)(i). "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.* "Rule 45(d)(2) governs a motion to enforce or compel compliance with a subpoena, and its provisions . . . provide only for 'the court for the district where compliance is required' to issue an order compelling production

or inspection on a proper motion." *Paso Del Norte Motors, LP v. Kia Motors of Am., Inc.*, No. 3:15-cv-2672-M, 2015 U.S. Dist. LEXIS 109351 at *2-3, 2015 WL 4939948 (N.D. Tex. Aug. 19, 2015). The Subpoena here was issued under the authority of the United States District Court for the Eastern District of Texas, but it calls for compliance in the Northern District of Texas. Accordingly, the Subpoena may be enforced by this Court.

Parties in litigation may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). The documents sought from Sams by the Subpoena are directly relevant to Butowsky's allegations of damages. As noted above, Butowsky alleges that NPR's conduct caused "the termination and loss of Chapwood's Investment Manager Service Agreement with Charles Schwab," as well as additional "loss of clients." *Butowsky v. Folkenflik, et al.*, No. 4:18-CV-00442-ALM (E.D. Tex.), Second Am. Compl., Dkt. 72 ¶ 11. Sams, as the managing partner of Chapwood, has personal knowledge of such issues and is likely the custodian of documents related to those issues. NPR is aware that Sams has personal knowledge of at least one Chapwood client that allegedly stopped using Butowsky's financial services as a result of NPR's news articles. NPR's subpoena therefore seeks documents that are directly relevant to both Butowsky's claims and NPR's defense.

B. **Sams Has Waived Her Right to Object.**

By failing to respond to the Subpoena, Sams has waived her right to object to it. In the Fifth Circuit, "[t]he party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015). Objections to a Rule 45 subpoena to produce documents "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B). "The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections." *Isenberg v.*

*Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)).

Here, Sams was served with the Subpoena on November 22, 2019.  Her deadline to object was December 6, 2019—14 days after the Subpoena was served.  Sams did not timely object.  Sams was required to produce documents at the Dallas, Texas office of Haynes and Boone, LLP on December 12, 2019 at 12:00 p.m.  Sams failed to do so.  In fact, Sams has failed to respond in any way to the Subpoena, despite NPR's counsel's attempts to contact her to discuss her noncompliance.  *See* Lewis Decl. ¶ 5.  Therefore, Sams has waived her right to object to the Subpoena.  Accordingly, this Court should compel Sams to produce all documents responsive to the Subpoena in her possession, custody or control forthwith.

### III. CONCLUSION

NPR has established a clear entitlement to documents responsive to the Subpoena.  Without any justification, excuse or response, Sams has failed to comply with the Subpoena, despite being given ample opportunity to do so.  For the foregoing reasons, NPR respectfully requests that this Court compel Sams to promptly produce documents responsive to the NPR's Rule 45 Subpoena to which it is entitled.

DATED: January 16, 2020

    Respectfully submitted,

    By:  */s/ Laura Lee Prather*
    Laura Lee Prather
    State Bar No. 16234200
    laura.prather@haynesboone.com
    Wesley D. Lewis
    State Bar No. 24106204
    wesley.lewis@haynesboone.com
    HAYNES AND BOONE, LLP
    600 Congress Avenue, Suite 1300
    Austin, Texas 78701

        Telephone:    (512) 867-8400
        Telecopier:   (512) 867-8470

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1 (b)(3), the undersigned counsel certifies that conference was not held between the parties, despite multiple attempts by Movants' counsel to hold one. Counsel for Movants have attempted to reach Respondent by phone and email to discuss her noncompliance with the Subpoena and to try to resolve this matter without this Court's intervention, but Respondent has failed to respond to any of Movants' attempts to confer. Movants also requested that counsel for Plaintiff Ed Butowsky place Movants' counsel in communication with Ms. Sams or her counsel if possible, but Butowsky's counsel has not done so.

        */s/ Wesley D. Lewis*
        Wesley D. Lewis

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 16, 2020, the foregoing document was emailed to Steve Biss, counsel for Plaintiff, at stevenbiss@earthlink.net.

In addition, the foregoing document was sent via Federal Express to the following address:

Kim Sams
Chapwood Capital Investment Management
4965 Preston Park Blvd #100
Plano, TX 75093

Dated: January 16, 2020

        */s/ Wesley D. Lewis*
        Wesley D. Lewis